UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINERVA REYES DIAZ<br>　　　　Plaintiff<br><br>vs.<br><br>COJIMAR, LLC. dba SUBWAY RESTAURANT LEVITTOWN; LUIS M VALDESUSO; ABC INSURANCE CO.<br>　　　　Defendants | CIVIL NO.:<br><br><br>EMPLOYMENT DISCRIMINATION; AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW PLAINTIFF**, Minerva Reyes Díaz, through the undersigned attorney, and very respectfully, alleges and prays as follows:

### I. NATURE OF THE ACTIONS

1.1 This is an action pursuant to Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 *et seq.,* Americans with Disability Act, ("ADA") 42 U.S.C §§ 12101 *et seq.* seeking compensatory damages, equitable relief, costs and attorney's fees for the damages suffered by Plaintiff, and continue to suffer, as a result of defendants' unlawful employment discrimination by Defendant on the basis of her age and disabilities and for having engaged in statutorily protected activity.

### II. JURISDICTION AND VENUE

2.1 This Honorable Court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the law of the United States.

2.2 This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution

and other laws invoked herein because such claims arise from the same nucleus of operative facts giving rise to Plaintiffs' claims under federal law.

2.3 Specifically, Plaintiff invokes this Court's supplemental/pendent jurisdiction to hear and adjudicate her claims arising under the following Puerto Rico Laws: Act 100 of June 30, 1959, 29 L.P.R.A. §§. 146 *et. seq.;* Constitution of the Commonwealth of Puerto Rico; Act 80 of May 30, 1976, §§ 185a, *et. seq.;* and Article 1802 of the Puerto Rico Civil Code 31 L.P.R.A. § 3141.

2.4 On October 13, 2011, Mrs. Minerva Reyes filed a charge of discrimination before the Equal Employment Opportunity Commission based on the facts alleged hereinafter. On May 31st, 2012, notified on June 1st, 2012, EEOC issued a right to sue letter to the Plaintiff.

2.5 Venue in this district is proper by virtue of Mrs. Reyes Díaz and defendants doing business in this district.

### III. PARTIES

3.1 Plaintiff Minerva Reyes Díaz is a citizen of the United States and resident of Puerto Rico. She was employed by defendant COJIMAR, LLC to work in a Subway Restaurant located in Levittown Plaza.

3.2 Codefendant COJIMAR, LLC is a duly registered corporation authorized to do business in Puerto Rico, employer of Plaintiff.

3.3 Codefendant Luis M. Valdesuso is a citizen of the United States and resident of Puerto Rico. At all relevant times to this Complaint, Mr. Valdesuso was, and still is COJIMAR, LLC's President.

3.4 Mr. Valdesuso is being sued under ADEA in his official capacity as an agent of COJIMAR, LLC. And also is also being sued in his personal capacity under the supplemental Puerto Rico laws that have been invoked herein.

3.5 Codefendant ABC is an insurance company who has insurance policies with defendants herein, which provided coverage for the damages suffered by Plaintiff in this case. Plaintiff is using the fictitious name of "ABC" because she does not know the real name of such party defendant.

## IV. FACTS

4.1 Plaintiff incorporates by reference each and every of the preceding allegations.

4.2 Mrs. Reyes is a sixty six years old woman who started working for Defendants on 2002 on a Subway restaurant owned by COJIMAR, LLC.

4.3 After 9 years of service, on October 2011, Defendants suspended Mrs. Reyes from work without pay, alleging that Plaintiff requested help from a costumer to fill up the ice dispenser from the sodas' machine. The suspension was from October 2011 until November 1, 2011.

4.4 At first, Defendants told Mrs. Reyes that she was going to be transferred to another restaurant. Said transfer was onerous for her due to her lack of transportation. Mrs. Reyes uses public transportation.

4.5 On October 13, 2011, Mrs. Minerva Reyes filed a charge of discrimination before the Equal Employment Opportunity Commission based on the facts abovementioned.

4.6 Notwithstanding the suspension period abovementioned, once expired, Mrs. Reyes called on several occasions to Mr. Valdesuso to inquire about her job but the secretary told her that Mr. Valdesuso has not yet determined what to do with her. Mrs. Reyes was never reinstated to her job.

4.7 At all time relevant to this action, all Defendants jointly participated in acts of unlawful employment discrimination, retaliation, and unjust dismissal against Mrs. Reyes on account of her age.

4.8 Defendant, knowingly that it was physically impossible for a 5 feet 3 inches tall, 170 pound, 65 years old woman to perform a task so demanding as fill up a bucket of ice, get up in a stair, reach over her head, and fill up the ice dispenser of the soda machine, fired her because she was not able to do so.  It is unreasonable for Defendants to require such onerous duty to Mrs. Reyes and nevertheless fired her for not being capable of doing so.

4.9 Upon information and belief, Mrs. Reyes was replaced by younger employees, not in the protected age.

## V FIRST CLAIM FOR RELIEF OF WRONGFUL DISCHARGE IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT 42 U.S.C. § 12101

5.1 Plaintiff re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

5.2 Defendants unlawfully discharge and otherwise discriminated against Mrs. Reyes with respect of her terms and conditions of her employment because of her disabilities which impede her to perform specific tasks as ordered by her employer.

5.3 As direct result of Defendant's unlawful employment practices, Mrs. Reyes sustained an aggravation of her physical and emotional condition; suffered, is suffering and will continue to suffer severe psychological, moral and emotional pain, anguish and distress; and has sustained a loss of happiness and a loss of the capacity to enjoy life.

5.4 Defendants engaged in the unlawful discriminatory practices in question with malice or reckless indifference to the federally protected rights of Mrs. Reyes. Thus, pursuant to 42 U.S.C. §1981a, Plaintiff is entitle to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful discriminatory practices.

5.5 Furthermore, as consequence of Defendant's unlawful discharge, Mrs. Reyes has sustained a loss of earnings. Defendants are liable to Plaintiff for back and future pay.

## VI SECOND CLAIM FOR RELIEF OF WRONGFUL DISCHARGE IN VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT 29 U.S.C. § 621 ET SEQ.

6.1 Plaintiff re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

6.2 Defendants have willfully violated ADEA's provisions by engaging in discriminatory employment practices against Mrs. Reyes on account of her age, terminated Plaintiff's employment but for her age, and retaliated against her filing charges before the EEOC, regarding Defendant's discriminatory practices.

6.3 As direct result of Defendant's unlawful employment practices, Mrs. Reyes sustained an aggravation of her physical and emotional condition; suffered, is suffering and will continue to suffer severe psychological, moral and emotional pain, anguish and distress; and has sustained a loss of happiness and a loss of the capacity to enjoy life.

6.4 Defendants engaged in the unlawful discriminatory practices in question with malice or reckless indifference to the federally protected rights of Mrs. Reyes. Thus, Plaintiff is entitled to receive an award for punitive or exemplary damages, which will serve as punishment and deterrence for such unlawful discriminatory practices.

6.5 Furthermore, as consequence of Defendant's unlawful discharge, Mrs. Reyes has sustained a loss of earnings. Defendants are liable to Plaintiff for back and future pay.

## VII THIRD CLAIM FOR RELIEF OF WRONGFUL DISCHARGE IN VIOLATION OF PUERTO RICO ACT 100, 29 L.P.R.A § 146 ET SEQ.

7.1 Plaintiff re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

7.2 Defendants have violated Law 100's provisions by engaging in discriminatory employment practices against Mrs. Reyes on account of her age.

7.3 As such, defendants are liable in compensatory damages against Mrs. Reyes for their unlawful conduct.

7.4 Furthermore, as consequence of Defendant's unlawful discharge, Mrs. Reyes has sustained a loss of earnings. Defendants are liable to Plaintiff for back and future pay.

## VIII FOURTH CLAIM FOR RELIEF OF WRONGFUL DISCHARGE IN VIOLATION OF THE ARTICLE II OF THE PUERTO RICO CONSTITUTION

8.1 Plaintiff re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

8.2 Defendants have jointly violated Plaintiffs rights secured under Article II, Sections 1, 8, 16 of Puerto Rico's Constitution by violating her dignity, privacy, health at the work place and discriminating against him on the basis of her age.

8.3 As such, defendants are liable in compensatory damages against Mrs. Reyes for their unlawful conduct.

8.4 Furthermore, as consequence of Defendant's unlawful discharge, Mrs. Reyes has sustained a loss of earnings. Defendants are liable to Plaintiff for back and future pay.

## IX FIFTH CLAIM FOR RELIEF OF WRONGFUL DISCHARGE IN VIOLATION OF THE PUERTO RICO ACT 80, 29 L.P.R.A. 185A-1851

9.1 Plaintiff re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

9.2 Mrs. Reyes was hired by Defendant as a regular full time employee for an indefinite period of time.

9.3 Defendant's terminated Plaintiff's employment without just cause.

9.4 Plaintiff is entitled to recover a severance payment as determined by Act No. 80 of May 30,1976, as amended, 29 L.P.R.A. §§ 185a-1851, plus attorney's fees.

**WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court enter Judgment against Defendants and grant Plaintiff the following relief:

(a) An award of compensatory damages, including but not limited to back pay and prejudgment interests, of not less than $500,000.00.

(b) An award of double compensatory damages under Law No. 100;

(c) An award of costs and reasonable attorney's fees;

(d) An award of front pay;

(e) An award of severance payment as determined by Act No. 80;

(f) An award of metal anguish and compensatory damages under Article 1802 of Puerto Rico Civil Code.

(g) Any other and further relief, which this Court may deem just, and proper;

(h) A trial by jury

Respectfully Submitted.

In San Juan, Puerto Rico, this 29th day of August, 2011.

ARVELO & VÁZQUEZ, P.S.C.
PO Box 9024025
San Juan, Puerto Rico 00902-4025
Tel. (787) 721-7255 /Fax (787) 722-7255

s/ Pedro E. Vázquez Meléndez
PEDRO E. VÁZQUEZ MELÉNDEZ
USDC-PR. 221712
pvazquez@avlawpr.com