IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MINERVA REYES-DÍAZ,

    Plaintiff,

v.

CIVIL NO. 12-1711 (GAG)

COJIMAR, LLC d/b/a SUBWAY
RESTAURANT LEVITTOWN, et al.

    Defendants.

**OPINION AND ORDER**

**INTRODUCTION**

    Plaintiff Minerva Reyes-Díaz ("Plaintiff" or "Reyes-Díaz") filed this lawsuit against her former employer, Cojimar, LLC (d/b/a Subway Restaurant Levittown) ("Cojimar") and Luis M. Valdesus ("Valdesus" and with Cojimar, the "Defendants"), claiming her employment with Subway was terminated because of her age in violation of the Age Discrimination in Employment Act ("A.D.E.A."), 29 U.S.C. § 621 et seq. The complaint also asserts an employment discrimination case under the Puerto Rico Anti-Discrimination Act, Law 100, P.R. Laws Ann. tit. 29 §§ 146-151, an unjustified dismissal claim under Puerto Rico Law 80, P.R. Laws Ann. tit. 29 § 185a-m, a general tort claim under article 1802 of the Puerto Rico Civil Code, P.R. Laws. Ann. tit. 29 §§ 5141 and the Constitution of the Commonwealth of Puerto Rico. (Docket No. 1). Although the original complaint included a claim under the Americans with Disabilities Act, 42 U.S.C. § 12001, et seq., and related state claims, Plaintiff asked for voluntary dismissal with prejudice of said claims. (Docket No. 33). Partial Judgment was entered accordingly. (Docket No. 35).

    In essence, Plaintiff claims she was suspended from work for a two-weeks period because of her age and was never reinstated. She further asserts that the reason for her

termination was her age and the charge of discrimination filed before the Equal Employment Opportunity Commission. (Docket No. 1 at ¶¶ 4.3-4.6).

On January 1, 2014, Defendants requested that summary judgment be entered as a matter of law as Plaintiff lacks an actionable claim under the A.D.E.A. or any local statute and Defendants' actions were taken for business related reasons unrelated to Plaintiff's age. (Docket Nos. 36 and 38).

On February 14, 2014, Plaintiff opposed Defendants' request. (Docket No. 45).

For the reasons stated below, and upon careful consideration of the parties' submissions and applicable law, Defendants' Motion for Summary Judgment (Docket No. 36) is **GRANTED**.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a

"genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir.2007); see also, Colón v. Infotech Aerospace Services, Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is—and what is not—genuinely controverted.' " Hernández, 869 F.Supp.2d at 7 (quoting Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of

material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56(c). Facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

## FACTUAL BACKGROUND

On June 26, 2002, Reyes-Díaz commenced her employment with co-defendant Cojimar at a Subway fast food restaurant. Defendants' Statement of Uncontested Material Facts ("SUM") ¶ 1.

Valdesuso is a shareholder and the Administrator of codefendant Cojimar, LLC a franchisee of the Subway fast food chain. SUM ¶ 2.

Cojimar owns and operates the Subway store located in Levittown. At the time of Plaintiff's suspension, because of its small volume of business, Cojimar shared managers and administrative staff with other affiliated companies. SUM ¶ 3.[1]

Plaintiff was hired when she was 56 years old. SUM ¶ 4. Upon her employment with Defendant as a sandwich artist, Reyes-Díaz was provided with a copy of the Subway Employee Manual and the rules and policies of the Company. SUM ¶ 5.

---

[1] Plaintiffs' qualified admission does not contest this fact. Thus, the same is deemed uncontested.

As a sandwich artist, Reyes-Díaz's duties included *inter alia* serving Subway's customers in a friendly and courteous way, complying at all times with established Subway's rules and regulations and those of the Puerto Rico Health Department. Also, as a part of her duties, she was required to mop, sweep, put away groceries and refill a soda ice machine located at the store. SUM ¶ 6.[2]

As a sandwich artist, Reyes-Díaz worked with another employee during her shift. SUM ¶ 7.

Plaintiff was assigned work areas and duties in the same manner as all other sandwich artists in the Company were assigned. SUM ¶ 8.[3]

As part of her employment contract, Reyes-Díaz signed a Transfer Agreement in which, as a condition of her employment, she consented to be transferred to other Subway stores. SUM ¶ 9.

Her duties as a sandwich artist remained constant throughout her employment. Reyes-Díaz was evaluated in the same manner as other similarly situated employees. SUM ¶ 10.[4]

---

[2] Plaintiffs' qualification does not contest this fact. Thus, the same is deemed uncontested.

[3] Plaintiff denies this fact as "[a]ll sandwich artists did not had [sic] the same assignments [sic] and duties." In support of her statement, Plaintiff cites to Defendants' "Assignment of weekly task," without any additional explanation supporting her disagreement. Therefore, the Court refuses "to do counsel's work, create the ossature for the argument, and put flesh on its bones . . . Judges are not expected to be mind-readers." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990); see also Ramirez-Lluveras v. Pagan-Cruz, 919 F.Supp. 2d 214, n. 6 (D.P.R. 2013). This statement is uncontested as it is supported by Defendants' record citation.

[4] Plaintiff admits her duties remained constant throughout her employment, but denies, with absolutely no record citation, the rest of the proposed statement. See, Local Civ. R. 56(c) "[u]nless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule." Thus, this statement is deemed uncontested.

Case 3:12-cv-01711-CVR   Document 52   Filed 03/10/14   Page 6 of 17

Minerva Reyes-Díaz v. Cojimar, LLC d/b/a Subway Restaurant Levittown, et al
Civil No. 12-1711 (GAG)
Opinion and Order
Page 6

Plaintiff received and acknowledged receipt of the company rules and policies. SUM ¶ 11.

Plaintiff was required to notify management of any injuries received at work, as well as of any health conditions or dangerous situations affecting her in the workplace. SUM ¶ 12. At the time of her suspension, Plaintiff worked the morning shift, which commenced at 6:00 a.m. SUM ¶ 13.

Although Reyes-Díaz was diagnosed with diabetes in 2004 and so informed her employer, at no time did she ever submit, or bring to its attention, any certification or documentation regarding any physical or medical condition limiting her abilities to perform any of her duties as a sandwich artist. SUM ¶ 14.

During the course of her employment, Reyes-Díaz received various written disciplinary warnings for not following instructions regarding meal breaks; allowing third parties into the kitchen area and to fill the ice machine; not maintaining the store clean; failing to punch her time card; a poor evaluation by the Subway's "mystery shopper"; receiving visitors and exchange of foods; and disrespectful actions towards the store manager. SUM ¶ 15.[5]

On August 30, 2011, Subway's rules were violated during Plaintiff's shift by allowing a third party access to the kitchen and to fill up the soda ice machine and Plaintiff received a disciplinary notice concerning that violation. SUM ¶ 16.[6]

---

[5] Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[6] See, fn. 5. Furthermore, Plaintiff does not contest this fact but alleges that "Mrs. Ana" (Valdesuso's wife) "authorized the use [sic] of third persons who used [sic] to help all shifts [sic] refilling the soda machine and sometime [sic] taking out the garbage," quoting her own deposition testimony that does not confirm that she was either authorized

Surveillance cameras were installed at the Levittown store that could be viewed and accessed from codefendant Valdesuso's cellular telephone and computer. SUM ¶ 17.

On September 28, 2011, and again during Plaintiff's shift, Valdesuso observed by video camera that a third party was present in the kitchen area of the Levittown store and filling up the soda ice machine with ice. Reyes-Díaz shared that shift with another employee, Lucila Ortiz ("Ortiz"). Valdesuso brought the matter to the attention of their immediate supervisor and manager, Grisel Rivera ("Rivera"). SUM ¶ 18.[7]

Valdesuso instructed Rivera that, in view of a similar previous incident, Plaintiff and her coworker Ortiz be issued written disciplinary warnings, and be given temporary suspension periods. SUM ¶ 19.[8]

On October 12, 2011, a disciplinary report was issued by Rivera as requested by Valdesuso, charging Plaintiff with three violations of company rules by allowing the presence of a third party in the kitchen area and allowing that person to perform her duties regarding the soda ice machine. SUM ¶ 20.[9]

---

by her employer or that does not contest the fact that she received disciplinary notices reiterating this was a violation of the company's rules and policies.

[7]Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[8]Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[9]Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

The disciplinary report issued to Plaintiff specified a suspension period commencing on October 19 until November 1, 2011, with Reyes-Díaz reporting back to work on November 2. SUM ¶ 21.[10]

Reyes-Díaz refused to sign the October 12, 2011 disciplinary report, as noted on the same by her supervisor, Rivera. SUM ¶ 22.[11]

Upon the conclusion of their periods of suspension, Plaintiff and Ortiz were to be transferred to another store located at the Sam's Club in the Rexville sector of Barrio Cerro Gordo, Bayamón. At that store, they would not be required to mop, sweep, carry groceries or materials or fill up a soda ice machine. Sam's employees are tasked with cleaning the Subway store. Additionally, the third parties that were friendly with both employees and whom were permitted by them to access the kitchen area and perform some their duties, would not necessarily patronize the Subway store in Rexville. SUM ¶ 23.[12]

Plaintiff's suspension was ordered because of the violation of company and Department of Health's rules. Plaintiff's transfer to the Rexville store was ordered so as to avoid the repetition of conduct that could cost the loss of the Company's franchise and Health Department's permits. SUM ¶ 24.[13]

---

[10]Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[11]Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[12]Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[13]See, discussion in fn. 6.

Case 3:12-cv-01711-CVR   Document 52   Filed 03/10/14   Page 9 of 17

Minerva Reyes-Díaz v. Cojimar, LLC d/b/a Subway Restaurant Levittown, et al
Civil No. 12-1711 (GAG)
Opinion and Order
Page 9

All employees who are suspended are required to come to the administrative office to receive orientation prior to returning to work. Plaintiff telephoned the company's administrative office and informed Valdesuso and his secretary that she was not going to go to the office for orientation nor would she work at Sam's in Rexville. SUM ¶ 25.[14]

Plaintiff and Ortiz never reported back to work after their periods of suspension. Plaintiff filed a Charge of Discrimination with the E.E.O.C. in which she objected to her being transferred to another store, and claiming that it amounted to age discrimination. SUM ¶ 26.

Had Reyes-Díaz or Ortiz reported back to work on or around November 2, 2011, as instructed, they would have been put back to work in the same positions and with the same wages and benefits as prior to their suspensions, but working at the Rexville store. SUM ¶ 27.[15]

Plaintiff failed to file a charge of retaliation with the E.E.O.C. or with the Anti-Discrimination Unit of the Puerto Rico Department of Labor and Human Resources, or to amend her initial charge of discrimination to include a claim for ADEA retaliation. SUM ¶ 28.[16]

---

[14] Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[15] Plaintiff, again, contends this fact is "disputed" without any support. Thus, this statement is deemed uncontested. See, Local Civ. R. 56(c).

[16] Plaintiff does not contest this statement. She only questions the legal consequences of her failure to file a charge of retaliation with the EEOC or to amend the existing file of discrimination.

## DISCUSSION

**A.     A.D.E.A.**

The A.D.E.A. provides that it is unlawful for an employer to "refuse to hire or to discharge any individual or otherwise discriminate against [him] with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff asserting a claim under the A.D.E.A. has the burden of establishing "that age was the 'but-for' cause of the employer's adverse action." Acevedo-Parrilla v. Nobartis Ex-Lax, Inc., 696 F.3d 128, 138 (1st Cir. 2012) (quoting Gross v. FLB Fin. Servs., Inc., 557 U.S. 167, 177, 129 S.Ct. 2343, 174 L.Ed. 2d 119 (2009)).

A.D.E.A. plaintiffs rarely possess "smoking gun" evidence to prove their employers' discriminatory motivations. See , Vélez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441 (1st Cir. 2009) (citing Arroyo-Audifred v. Verizon Wireless, Inc., 527 F.3d 215, 218-19 (1st Cir. 2008)). Thus, in the absence of direct evidence of age discrimination, courts evaluate A.D.E.A. claims under the three-stage burden-shifting framework instituted in McDonnell Douglas Corp., 411 U.S. 791, 802, 93 S.Ct. 1817, 36L.Ed.2d 668 (1973); Cameron v. Idearc Media Corp ., 685 F.3d 44, 48 (1st Cir. 2012).

As relevant here, the first stage of the McDonnell Douglas framework requires a plaintiff to establish a *prima facie* case of employment discrimination. "In an A.D.E.A. action this requires a showing (1) that he or she was at least 40 years old at the time of discharge; (2) that he or she was qualified for the position but (3) was nevertheless fired [or suffered the adverse employment action]; and (4) the employer subsequently filled the

position." Acevedo-Parrilla, 696 F.3d at 138 (citation and internal quotation marks omitted).

As the First Circuit Court of Appeals explained in Acevedo, 696 F.3d at 137-138, 144:

> Doing so gives rise to an inference that the employer discriminated due to plaintiff's advanced years. If the plaintiff is able to establish a *prima facie* case, the burden shifts in the second stage to the employer, who must then produce a legitimate, non-discriminatory reason for termination. If the employer is able to do this, the ball returns to the plaintiff's court, in which he must prove by a preponderance of the evidence that the defendant's alleged non-discriminatory reason was in fact a pretext for discrimination.
> …
> An employer's disparate treatment of employees in response to behavior that legitimately offends the employe[e] can provide evidence of discriminatory animus. However, to successfully allege disparate treatment, a plaintiff must show that others similarly situated to him in all relevant respects were treated differently by the employer.

Id. at 144. (internal citations omitted) (quotation marks omitted).

Ultimately, the plaintiff's burden is to prove "that age was the 'but-for' cause of the employer's adverse action." In sum, the ultimate question on summary judgment in this A.D.E.A. case is "whether or not the plaintiff has adduced minimally sufficient evidence to permit a reasonable factfinder to conclude that he was fired because of his age." Vélez, 585 F.3d at 452 (quoting Dávila v. Corporación de P.R. para la Difusión Pública, 498 F.3d 9, 16 (1st Cir. 2007).

**B.     Retaliation Claims**.

A.D.E.A. contains a nearly identical provision prohibiting retaliation for complaining of employment discrimination on the basis of age. 29 U.S.C. § 623 (d), and the same standards and burdens apply to claims under both statutes. Thus, to establish a *prima facie*

Minerva Reyes-Díaz v. Cojimar, LLC d/b/a Subway Restaurant Levittown, et al
Civil No. 12-1711 (GAG)
Opinion and Order
Page 12

case of retaliation, a plaintiff must show that he or she: (1) engaged in protected conduct; (2) suffered an adverse employment action; and (3) that the adverse employment action was causally connected to the protected conduct. Mesnick v. General Elec. Co., 950 F.2d 816, 827 (1st Cir. 1991) (citing Connell v. Bank of Boston, 924 F.2d 1169, 1179 (1st Cir. 1991).

**C.     Plaintiff's *Prima Facie* Case.**

In this case, Plaintiff has totally failed to present any direct evidence of age discrimination.[17] As such, in the absence of direct evidence of age discrimination, Plaintiff's A.D.E.A. claims are evaluated under the four-stage burden-shifting framework instituted in McDonnell Douglas, 411 U.S. at 791. A review of the record shows that there is not dispute that Plaintiff is a member of a protected class since she was over 40 years at the time of her suspension (65 years old) and that she suffered an adverse employment action when she was suspended from work without pay for violating company policy and Puerto Rico Health law. Thus, the second and fourth prongs are the ones to be discussed.

As to the second prong, Defendants argue that Plaintiff was not qualified for the position as she has failed to demonstrate that she was performing her duties in a satisfactory manner prior to her suspension because she violated company policy and the Puerto Rico Health Law. To this effect, Defendants allege the uncontested facts show that, during the course of Plaintiff's employment with Cojimar, Reyes-Díaz received various written disciplinary warnings for not following instructions regarding meal breaks; allowing third parties into the kitchen area and to fill the ice machine; not maintaining the store clean; failing to punch her time card; a poor evaluation by the subway "mystery shopper";

---

[17] As a matter of fact, Plaintiff has also failed to present any indirect evidence to show that Defendants had a discriminatory animus, based on age, when making their employment decision, as explained below.

Case 3:12-cv-01711-CVR   Document 52   Filed 03/10/14   Page 13 of 17

Minerva Reyes-Díaz v. Cojimar, LLC d/b/a Subway Restaurant Levittown, et al
Civil No. 12-1711 (GAG)
Opinion and Order
Page 13

receiving visitors and exchange of foods; and disrespectful actions towards the store manager. Moreover, on August 30, 2011, Plaintiff violated Cojimar's rules during her shift by allowing a third party access to the kitchen and to fill up the soda ice machine (which not only violates Cojimar's Franchise Agreement but Puerto Rico's Department of Health regulations, jeopardizing Cojimar's health permits and franchise). On September 28, 2011, Plaintiff again allowed a third party to access the kitchen area and to fill up the soda ice machine. As the second violation in less than a month, Defendants issued a suspension from October 19 to November 1, 2001; with Plaintiff reporting back to work on November 2, 2011. However, Plaintiff never reported back to work after her suspension period.

  Plaintiff, in turn, does not challenge any of the disciplinary actions or Defendants' contention that she did not meet Cojimar's legitimate expectations. She only claims, in a conclusory way and without any support to a record citation, that the actions for which she was suspended were approved by Defendants and that "the only two employees ever suspended for this reason were Plaintiff and Ortiz." (Docket No. 45 at p. 2). Plaintiff further alleges that "from Defendant's [sic] payroll, only Plaintiff and Mrs. Ortiz were over 40 years old". Id. Those statements find no support in the record.

  Moreover, Plaintiff candidly admits she committed the violations to Cojimar's rules and that, not only and individual named Carlos helped her "refilling of the soda machine," but another individual named "Pantojas" helped. She contends, however, this practice was known and allowed by co-Defendant's wife (Mrs. Ana), but there is no evidence that Defendants condoned or tolerated this behavior. In fact, Plaintiff's deposition testimony does not support this theory as it only refers to one incident in which Ana *greeted* an

Case 3:12-cv-01711-CVR   Document 52   Filed 03/10/14   Page 14 of 17

Minerva Reyes-Díaz v. Cojimar, LLC d/b/a Subway Restaurant Levittown, et al
Civil No. 12-1711 (GAG)
Opinion and Order
Page 14

individual named "Pastor" and asked him to "[t]ake care of [Plaintiff and Ortiz] and help them with the ice and throwing out the trash." (Docket No. 5 at p. 5). Thus, it is clear that Plaintiff's vague and self-serving testimony describing a "greeting" is insufficient to raise a genuine issue of fact to defeat summary judgment.

To the contrary, the uncontested facts confirm Plaintiff received various disciplinary notices, two of which specifically indicated Plaintiff's conduct constituted a violation of Cojimar's rules and polices and warned her that repeated violation of those norms could affect the Company's Health Department permits or cause the loss of the franchise.

Taking all these uncontested facts into consideration, it is hard to conclude that Reyes-Díaz's job performance was satisfactory and met Cojimar's legitimate expectations. As such, Plaintiff has not met the second prong.

Finally, as to the fourth prong, the record is devoid of any evidence that the employer filled Plaintiff's position with someone else.

Therefore, in view of the foregoing, it is clear that Plaintiff has failed to establish a *prima facie* case of age discrimination.

**D.     Cojimar's Legitimate Non-Discriminatory Reason for Termination.**

Although this Court already concluded that Plaintiff failed to present a *prima facie* case of age discrimination, it is clear that Defendants have articulated a legitimate, non discriminatory reason for her termination based, among other reasons, on Plaintiff's numerous actions in violation of the Company's Franchise Agreement and Puerto Rico Department of Health Regulations which prohibit third parties in the food preparation area.

Plaintiff's conduct also exposed Defendants to a potential liability had the third parties been injured while assisting her.

Similarly, Plaintiff has not contested that both Plaintiff and Ortiz (who worked during the same shift) were disciplined and suspended for the same period. Thus, the disciplinary actions were identical for both employees and had nothing to do with age discrimination. The First Circuit Court of Appeals has held that poor performance is a legitimate reason for adverse employment action. See Cameron, 685 F.3d at 48 ("poor performance in a job is a conventional business motive" for termination, "not age discrimination. . .") .

In addition, as the Court acknowledged in Alvarez v. Shinseki, __ F. Supp. 2d __, 2013 WL 1446157, *6 (D.P.R.):

> [t]he case of Dávila v. Corporación de Puerto Rico Para La Difusión Pública instructs the court on balancing meritorious age discrimination claims against merely unwise or unfair employment decisions. 498 F.3d 9, 16-18 (1st Cir. 2007). The First Circuit considered an ADEA claim in which the plaintiff "trie[d] to discredit his negative performance evaluations," and "cite[d] office gossip as a basis for concluding that the [employer] wanted to get rid of him because of his age." Id. at 16. The employee claimed that the evaluating employer misrepresented the results of his performance and "was unqualified to compile reviews." Id. The reviewing court found, "These allegations, even if true, would indicate no more than that the [adverse employment action] was unfair or unwise; they would not indicate age discrimination." Id. The court reaffirmed the axiomatic principle[18] that, "as long as [the employer]

---

[18] The First Circuit has "consistently stated that mere questions regarding the employer's business judgment are insufficient to raise a triable issue as to pretext." Acevedo-Parrilla, 696 F.3d at 140 (citing Webber v. Int'l Paper Co., 417 F.3d 229, 238 (1st Cir. 2005)). "More than a simple disagreement with the correctness of [Defendant's] decisions," such as "evidence sufficient to raise an issue of fact as to whether [Defendant] ... truly believed [Plaintiff's] performance was unsatisfactory," merits denial of summary judgment. Acevedo-Parrilla, 696 F.3d at 140. Whether an employer's perceptions are accurate or not, "so long as they are not discriminatory it is beyond the province of the court to act as a 'super personnel department[ ],' second-guessing the process by which the decisionmaker has arrived at her conclusion...." Bonefont-Igaravidez, 659 F.3d 120, 126 (1st Cir. 2011) (quoting Bennett v. Saint-Gobain Corp., 507 F.3d 23, 32 (1st Cir. 2007)). Furthermore, "poor performance in a job is a conventional business motive" for termination, "not age discrimination...." Cameron, 685 F.3d at 48.

Case 3:12-cv-01711-CVR   Document 52   Filed 03/10/14   Page 16 of 17

Minerva Reyes-Díaz v. Cojimar, LLC d/b/a Subway Restaurant Levittown, et al
Civil No. 12-1711 (GAG)
Opinion and Order
Page 16

believed that the [employee's] performance was not up to snuff—and the [employee] has presented no evidence suggesting that management thought otherwise—it is not our province to second-guess a decision to fire him as a poor performer." Id. at 17.

Thus, there is no genuine issue that Defendants gave a non-discriminatory reason for suspending Plaintiff and, therefore, met its burden in response.

Finally, "[a]lthough the summary judgment standard requires that evidence of record be viewed in the light most favorable to the nonmoving party, it does not require that all bald assertions, opinions, or even genuinely held beliefs asserted by the nonmoving party be adopted wholeheartedly by a court." Díaz v. Mitchell's Salon and Day Spa, Inc., 2011 WL 379097, at *7 (S.D. Ohio 2011).

In view of the foregoing, Plaintiff's claims under the A.D.E.A. are **DISMISSED WITH PREJUDICE**. The Court's conclusion regarding Plaintiff's discrimination claim applies to her retaliation claim for the same reasons discussed above. Thus, Plaintiff's retaliation claim is also **DISMISSED WITH PREJUDICE**.[19]

E.   **Plaintiff's Supplemental State Law Claims.**

Because the Court has dismissed all claims over which it exercised original jurisdiction, it declines to exercise supplemental jurisdiction over plaintiff Ferrer's Commonwealth claims. Accordingly, plaintiff Ferrer's state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). See Rivera v. Murphy, 979

---

[19] Moreover, it is clear that Plaintiff failed to file a charge of retaliation with the E.E.O.C. or with the Anti-Discrimination Unit of the Puerto Rico Dept of Labor and Human Resources or to amend the initial E.E.O.C. charge of discrimination to include her retaliation claim. Thus, her retaliation claims would also fail for this reason.

F.2d 259, 264 (1st Cir. 1992) (quoting Cullen v. Mattaliano, 690 F.Supp. 93 (D.Mass. 1988) ("[I]t is the settled rule in this Circuit that in a non-diversity case, where pendent state claims are joined with a federal cause of action and that the federal cause of action is [dismissed] … the pendent state claims should be dismissed.")).

## CONCLUSION

In view of the foregoing, Defendants' Motion for Summary Judgment (Docket No. 36) is **GRANTED**. Accordingly, Plaintiff's claims under the A.D.E.A. and for retaliation are **DISMISSED WITH PREJUDICE**. Plaintiff's supplemental state law claims are **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of March of 2014.

                                        s/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE